UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AHEPA NATIONAL HOUSING CORPORATION, | ) ) ) |
| *Plaintiff*, | ) ) |
| vs. | ) ) 1:20-cv-1468-JMS-DML ) |
| AHEPA 53-II, INC., | ) ) ) |
| *Defendant*. | ) |

## ORDER

This case arises from a contractual dispute between Plaintiff AHEPA National Housing Corporation ("ANHC") and Defendant AHEPA 53-II ("AHEPA 53"). AHEPA 53 has filed a Motion to Dismiss, arguing that ANHC has failed to state a claim upon which relief can be granted because it has not adequately pled the existence of a valid contract. [Filing No. 10.] The Motion is now ripe for the Court's decision.

## I.
### STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations contained in the Complaint, which the Court must accept as true at this time.

ANHC is a nonprofit corporation that provides affordable housing to low-income elderly and disabled persons. [Filing No. 1-1 at 2.] ANHC and AHEPA 53 "entered into a Sponsorship Agreement many years ago," whereby ANHC agreed to co-sponsor AHEPA 53's application for a loan from the United States Department of Housing and Urban Development ("HUD") for the purpose of constructing a federally-assisted housing project. [Filing No. 1-1 at 3.] With ANHC's assistance and financial contribution, AHEPA 53 was able to successfully obtain the desired HUD loan. [Filing No. 1-1 at 3.] In addition to assisting with the loan application process and facility construction, ANHC has had "substantial hands-on involvement with the management of AHEPA-53's housing facility," including providing "expertise and support in

2

operating [the] housing development, and . . . access to additional loans from ANHC." [Filing No. 1-1 at 3.]

As contemplated in the Sponsorship Agreement,[1] ANHC, doing business as AHEPA Management Company ("AMC"), later entered into a management agreement (the "Management Agreement") with AHEPA 53. [Filing No. 1-1 at 3.] Pursuant to the Management Agreement, "ANHC, through its and AMC's employees located in Indiana, helps manage various aspects of AHEPA-53's facility," including among other things, marketing, leasing, and HUD compliance. [Filing No. 1-1 at 3.] There is daily interaction between ANHC representatives and AHEPA 53, and the President of AHEPA 53 has participated as a part of the Board of Directors of both ANHC and AMC. [Filing No. 1-1 at 3.]

On or around May 8, 2013, ANHC and AHEPA 53 "entered into Addendum #1 regarding the National Sponsorship Agreement."[2] [Filing No. 1-1 at 4.] Addendum #1, which is attached to the Complaint as an exhibit, [Filing No. 1-1 at 7], states in relevant part that "The AHEPA National housing board is hereby granted *'the right of first refusal'* in the event any local board elects to sell their property," [Filing No. 1-1 at 4; Filing No. 1-1 at 7 (emphasis in original)]. Addendum #1 was signed by AHEPA 53's President. [Filing No. 1-1 at 4.]

---

[1] AHEPA 53 implies that, because ANHC did not capitalize the term "sponsorship agreement" in the sentence of the Complaint being cited here, it is unclear whether this allegation is intended to reference the same Sponsorship Agreement referenced in previous allegations. [Filing No. 11 at 2; Filing No. 11 at 4.] While this inconsistent capitalization is certainly an example of imprecise drafting, the Court assumes that both the capitalized and non-capitalized references point to the same Sponsorship Agreement.

[2] Again, AHEPA 53 asserts that it is unclear whether the Sponsorship Agreement and the National Sponsorship Agreement are the same agreement. [Filing No. 11 at 2; Filing No. 11 at 4.] And again, the Court acknowledges that the Complaint is unnecessarily—and unhelpfully—lacking in precision. Nevertheless, because of the context in which the terms are used, the Court will assume that all references to a sponsorship agreement refer to the same agreement.

On April 8, 2020, AHEPA 53's counsel sent ANHC an email stating that AHEPA 53 believes that the right of first refusal created in Addendum #1 is void. [Filing No. 1-1 at 4.] Counsel for ANHC and counsel for AHEPA 53 have conferred but are unable to come to a consensus as to the enforceability of Addendum #1. [Filing No. 1-1 at 4.] AHEPA 53 "refuse[s] to agree that it will not sell the property until ANHC has a chance to exercise its right of first refusal." [Filing No. 1-1 at 4.] ANHC seeks a declaratory judgment that the right of first refusal created in Addendum #1 is valid and enforceable and that AHEPA 53 may not sell its property without first allowing ANHC to exercise its right of first refusal. [Filing No. 1-1 at 5.]

### III.
### DISCUSSION

AHEPA 53 argues that ANHC has not stated a claim upon which relief can be granted because it has not sufficiently pled facts demonstrating the existence of an underlying contract that is capable of amendment through Addendum #1, nor has it pled facts demonstrating that Addendum #1 is legally valid. [Filing No. 11 at 1.] As to the underlying Sponsorship Agreement, AHEPA 53 asserts that ANHC has not pled facts establishing the existence of a legally valid contract, including: offer and acceptance, whether the contract is oral or written, who the parties are, what the terms are, whether the contract has expired or is still in effect, or whether the contract has been amended. [Filing No. 11 at 4.] Even if ANHC has pled sufficient facts to demonstrate that the Sponsorship Agreement was valid, AHEPA 53 argues, the Complaint does not contain sufficient facts to demonstrate that the Sponsorship Agreement was validly amended by Addendum #1. [Filing No. 11 at 4.] Specifically, AHEPA 53 asserts that ANHC has not pled facts showing that Addendum #1 was supported by bargained-for consideration. [Filing No. 11 at 5.] Accordingly, AHEPA 53 argues, "Addendum #1 is *per se* invalid and [ANHC's] claim should be dismissed." [Filing No. 11 at 5.]

4

ANHC responds that AHEPA 53's Motion to Dismiss should be denied "for the simple reason that this Court follows the notice pleading rule." [Filing No. 15 at 1.] ANHC acknowledges that a copy of the original Sponsorship Agreement was not attached to the Complaint, because ANHC has not been able to locate a signed copy. [Filing No. 15 at 3.] Nevertheless, ANHC argues, the Complaint contains sufficient facts to demonstrate that the Sponsorship Agreement exists. [Filing No. 15 at 3.] ANHC also asserts that it has adequately pled the existence of consideration supporting Addendum #1, and a fair inference based on the facts contained in the Complaint is that AHEPA 53 signed Addendum #1 in exchange for, among other things, "the assurance and comfort of knowing that ANHC would agree to continue providing sponsorship and management services" under the Sponsorship Agreement and the Management Agreement. [Filing No. 15 at 4-5.] Finally, ANHC argues that lack of consideration is an affirmative defense and therefore is not the proper subject of a motion to dismiss. [Filing No. 15 at 4.]

In reply, AHEPA 53 maintains that ANHC has not pled facts demonstrating that the underlying Sponsorship Agreement exists, is still in effect, and has not expired and therefore, ANHC has failed to establish the existence of a legally valid contract that could be amended. [Filing No. 16 at 2.] AHEPA 53 also argues that ANHC, for the first time in its response, asserts that consideration for Addendum #1 is a purported agreement to continue management services pursuant to an agreement to which ANHC is not a party, but because no such allegations are contained in the Complaint, the Court cannot rely on them to conclude that ANHC has stated a claim. [Filing No. 16 at 2-3.] AHEPA 53 further argues that the claimed consideration is insufficient because: (1) AMC—an entirely different corporate entity from ANHC—provides management services under the Management Agreement, so ANHC cannot rely upon those

services as consideration for an alleged amendment to the Sponsorship Agreement; (2) even if ANHC was the entity providing management services, a preexisting contractual duty cannot be used as consideration for Addendum #1; and (3) Addendum #1 is "illusory and unenforceable" because it does not require performance by ANHC.  [Filing No. 16 at 3-4.]

As an initial matter, federal courts exercising diversity jurisdiction apply the substantive law of the state in which they sit and federal procedural law, including federal pleading standards.  *E.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670-72 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).  Here, the parties do not dispute that Indiana substantive law applies to ANHC's claim.

Indiana's Declaratory Judgment Act allows any interested party under a contract to obtain a declaration of its rights, legal status, or other legal relations under that contract.  *See, e.g.*, *Midwest Psychological Ctr., Inc. v. Indiana Dep't of Admin.*, 959 N.E.2d 896, 903 (Ind. Ct. App. 2011) (quoting Ind. Code § 34-12-1-2).  In order to pursue a declaratory judgment action, a plaintiff must show that he or she has a substantial present interest in the relief sought and that there is a "justiciable controversy or question, which is clearly defined and affects the legal right, the legal status, or the legal relationship of parties having adverse interests."  *Midwest Psychological Ctr.*, 959 N.E.2d at 903 (quoting *Little Beverage Co., Inc. v. DePrez*, 777 N.E.2d 74, 83 (Ind. Ct. App. 2002)).

The Court concludes that ANHC's Complaint contains sufficient factual allegations to state a claim for declaratory judgment concerning ANHC's right of first refusal allegedly created by Addendum #1.  Specifically, the Complaint contains allegations that plausibly demonstrate the existence of a contractual relationship between the parties and a question as to whether the right of first refusal is enforceable.

As to AHEPA 53's argument that ANHC has not alleged the existence of a valid Sponsorship Agreement, the Court is not persuaded. Although ANHC did not attach the Sponsorship Agreement to its Complaint, it was not required to do so. *See Liu v. Nw. Univ.*, 78 F. Supp. 3d 839, 847 (N.D. Ill. 2015) ("The Federal Rules of Civil Procedure do not require a plaintiff to attach the contract on which a breach of contract claim is based to her complaint, and so Liu's attachment of only a portion of the student handbook does not automatically warrant dismissal of her claim."); *Grabianski v. Bally Total Fitness Holding Corp.*, 891 F. Supp. 2d 1036, 1046 (N.D. Ill. 2012) ("Plaintiffs were not required to attach copies of the contracts to their complaint or allege the terms of the contracts verbatim in order to state a claim for breach of contract."). Furthermore, ANHC's allegations that the parties entered into the Sponsorship Agreement many years ago, pursuant to which ANHC helped AHEPA 53 secure a HUD loan, open a housing facility, and run that facility, are sufficient to identify the specific agreement to which ANHC is referring.

ANHC has also plausibly alleged the existence of the Management Agreement. AHEPA 53 emphasizes that the Management Agreement was signed by AMC and not ANHC, but a more careful reading of the Complaint reveals ANHC's allegation that the Management Agreement was signed by ANHC "doing business as" AMC. [Filing No. 1-1 at 3.]

In addition, ANHC attached a copy of Addendum #1, signed by both parties, to the Complaint. That document, along with the other allegations concerning its signing and the ongoing relationship between ANHC and AHEPA 53, is sufficient to plausibly suggest that a legally valid contractual relationship exists between the parties. AHEPA 53 is correct that the Complaint does not specifically address the elements of contract formation—offer, acceptance, consideration, and manifestation of mutual assent, *see Martins v. Hill*, 121 N.E.3d 1066, 1068

(Ind. Ct. App. 2019)—as it relates to Addendum #1 or the other agreements in question. However, the Court concludes that such allegations are not necessary at this stage in the litigation because, taken together, ANHC's allegations are certainly sufficient to give AHEPA 53 fair notice of the claim being asserted and the grounds upon which it rests. *See Erickson*, 551 U.S. at 93; s*ee also McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("The degree of specificity [of the plaintiff's allegations] required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" (quoting *Swanson v. Citibank, N.A*., 614 F.3d 400, 404 (7th Cir. 2010))).

Moreover, courts have treated lack of consideration as an affirmative defense. *See Pringle v. Garcia*, No. 2:09-CV-22-RLM-PRC, 2009 WL 1543460, at *1 (N.D. Ind. June 2, 2009) (striking as conclusory the affirmative defense that "Plaintiff's claim is barred due to lack of consideration"); *Laborers' Pension Fund v. Dynamic Wrecking & Excavation, Inc*., 2008 WL 4874110, at *8 (N.D. Ill. June 13, 2008) (finding that "Defendants waived their affirmative defense of lack of consideration"); *Songer v. Civitas Bank*, 771 N.E.2d 61, 63 (Ind. 2002) (noting that the defendant asserted several affirmative defenses, including lack of consideration). A plaintiff is not required to anticipate and overcome affirmative defenses in the complaint. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Accordingly, while AHEPA 53 may later pursue its argument that Addendum #1 is unenforceable due to lack of consideration, it would be premature for the Court to decide that issue at this stage in the litigation, without the benefit of factual development.

## IV.
### CONCLUSION

In sum, the Court cannot conclude that there are no set of facts consistent with the allegations in the Complaint that would entitle ANHC to the declaratory judgment it seeks. *See*

8

*Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 818 (7th Cir. 2019) (vacating the district court's granting of a motion to dismiss where the Court of Appeals could not conclude that there was "no set of facts consistent with the pleadings" under which the plaintiff could obtain relief). AHEPA 53's Motion to Dismiss, [10], is **DENIED**.

Date: 8/6/2020

                                                   Hon. Jane Magnus-Stinson, Chief Judge
                                                   United States District Court
                                                   Southern District of Indiana

**Distribution via ECF only to all counsel of record**